UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION

TIMOTHY J. COLLINS, III,           )
                                   )
            Plaintiff              )
                                   )
         v.                        )   Case No. 4:09 cv 12
                                   )
PURDUE UNIVERSITY; BOARD OF        )
TRUSTEES OF PURDUE UNIVERSITY;     )
PURDUE UNIVERSITY POLICE           )
DEPARTMENT; STEPHEN J. AKERS;      )
LYMAN (TRAE) R. MITTEN, III;       )
JEANNE V. NORBERG; ALICE M.        )
D'AMORE; JANE DOES, Unknown        )
Purdue Employees; JOHN DOES,       )
Unknown Purdue Employees; GARY     )
K. EVANS; JOHN K. COX; CARRIE      )
K. COSTELLO; FRED V. DAVIS,        )
MATTHEW C. WIETBROCK; JANE DOES,   )
Unknown Officers and/or            )
Supervisors; JOHN DOES, Unknown    )
Officers and/or Supervisors;       )
WILL RINEHART; JANE DOES,          )
Unknown Bloggers; JOHN DOES,       )
Unknown Bloggers; FEDERATED        )
PUBLICATIONS, INC.,                )
                                   )
            Defendants             )

                        OPINION AND ORDER

    This matter is before the court on the Motion for Partial

Summary Judgment [DE 38] filed by the Purdue defendants on August

12, 2009.  For the following reasons, the motion is GRANTED.

                           Background

    During the 2006-2007 academic year, Timothy Collins was a

student at Purdue University's West Lafayette, Indiana, campus.

Collins alleges he sustained injuries when he was attacked on

January 13, 2007, by three assailants on the West Lafayette campus. A Purdue University Police Department officer took a statement from Collins regarding his alleged assault and provided that information to the Office of Dean of Students.

The Office of Dean of Students began an investigation into Collins' case. Dean Akers primarily handled the Collins investigation and hearing. Because Akers believed that Collins had filed a false report, he sent Collins the notice of charges, conducted the hearing, and made the determination that the report was false. On March 20, 2007, the Office of Dean of Students conducted a hearing, and Collins subsequently was disciplined.

Collins responded by filing this suit, asserting a right to recovery under 42 U.S.C. §1983, 42 U.S.C. §1988, 28 U.S.C. §1367, and under the state law theories of libel, libel by innuendo, libel per se, false light privacy, and intentional and negligent infliction of emotional distress. The Purdue defendants moved for partial summary judgment on the state law claims, arguing that Collins' tort claims were barred by the Indiana Tort Claims Act ("ITCA"), Ind. Code §34-13-3-8, because he failed to provide notice of his intent to assert tort claims to the Trustees of Purdue University. Summary judgment was granted in part and denied in part to allow further discovery on the question of whether four particular Purdue employees acted within the scope

of their employment. Collins was allowed to conduct limited discovery and ordered to file his response to the Purdue defendants' partial motion for summary judgment by June 7, 2010. As of the date of this order, Collins as not filed a response.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

The ITCA provides that tort claims against a political subdivision are barred unless notice of the claims are filed with the political subdivision's governing body within 180 days after the loss. Ind. Code §34-13-3-8. This provision includes all tort claims filed against a government employee in his official capacity and against a government employee sued in his individual capacity who was acting within the scope of his employment. Estate of Conner by Conner v. Ambrose, 990 F.Supp. 606, 617 (N.D. Ind. 1997); Bienz v. Bloom, 674 N.E.2d 998, 1004 (Ind. App. 1996).

The Purdue defendants move for summary judgment, arguing that the four remaining Purdue defendants, Lyman (Trae) Mitten III, Jeanne V. Norberg, Carrie K. Costello, and Matthew C. Wietbrock, in their individual capacities, acted within the scope of their employment and, therefore, were entitled to notice under the Indiana Tort Claims Act. Collins has not filed a response to address this issue and has not identified any material facts that he contends are disputed. A non-movant's failure to respond to a motion for summary judgment constitutes an admission that there are no disputed issues of genuine fact. Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995); Laborers' Int'l Union of N. Am. v. Caruso, 197 F.3d 1195, 1197 (7th Cir. 1999)(explaining that arguments that are not presented to the district court in response to

4

summary judgment motions are considered waived). If the non-movant does not present evidence that reasonably would allow the fact finder to find in his favor on a material question, then the court must enter summary judgment in favor of the movant. Wald-ridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587, 106 S.Ct. 1348, 1355-56, 89 L.Ed2d 583 (1986).

In light of Collins' failure to respond, the court finds that the Purdue employees were acting within the scope of their employment, requiring notice under ITCA. As the court previously determined in the March 15, 2010 Order, Collins did not provide the requisite notice to Purdue. Because failure to provide notice is a bar to filing a tort suit against government employees acting within the scope of their employment, the court GRANTS summary judgment in favor of the Purdue defendants, Lyman (Trae) Mitten III, Jeanne V. Norberg, Carrie K. Costello, and Matthew C. Wietbrock.

_____

For the foregoing reasons, the Motion for Partial Summary Judgment [DE 38] filed by the Purdue defendants on August 12, 2009, is GRANTED.

ENTERED this 23rd day of March, 2011

                                        s/ Andrew P. Rodovich
                                          United States Magistrate Judge